NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | No. 25-3908 |
| | D.C. No. 3:07-cv-05634-CRB |
| _____ | |
| DONALD WORTMAN; WILLIAM ADAMS; MARGARET GARCIA; BRENDEN G. MALOOF; ROBERT CASTEEL III; MICAH ABRAMS; MARTIN KAUFMAN; RACHEL DILLER; LORI BARRETT; CLYDE H. CAMPBELL; MATTHEW EVANS; THOMAS SCHELLY; MARK FOY; JASON GREGORY TURNER; STEPHEN GAFFIGAN; BRUCE HUT; DICKSON LEUNG; KEVIN MOY; RUFUS BROWNING; LOLLY RANDALL; CHRISTIAN DUKE; ANDREW BARTON; TRACEY WADMORE SMITH; MICHAEL BENSON; TORI KITAGAWA; WOODROW CLARK II; JAMES EVANS; MEOR ADLIN; JUSTIN LABARGE; SCOTT FREDERICK; REIKO HIRAI; IREATHA DIANE MITCHELL; LARRY CHEN; DAVID KUO; DAVID MURPHY; TITI TRAN; KATHRYN LAVIN; STEPHANIE JUNG; CHEROKII VERDUZCO; SARAH TRAN; JAMES STEWART; ED PARK; LINDA | MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

WILLIAMS; LAX & COMPANY, INC.,

Plaintiffs - Appellees,

v.

JEANETTE STEVENS, t/a Elm Co.,

Objector - Appellant,

v.

ALL NIPPON AIRWAYS,

Defendant.

---

In re: TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION

_____

DONALD WORTMAN; WILLIAM ADAMS, MARGARET GARCIA; BRENDEN G. MALOOF; ROBERT CASTEEL III; MICAH ABRAMS; MARTIN KAUFMAN; RACHEL DILLER; LORI BARRETT; CLYDE H. CAMPBELL; MATTHEW EVANS; THOMAS SCHELLY; MARK FOY; JASON GREGORY TURNER; STEPHEN GAFFIGAN; BRUCE HUT; DICKSON LEUNG; KEVIN MOY; RUFUS BROWNING; LOLLY RANDALL; CHRISTIAN DUKE; ANDREW BARTON; TRACEY WADMORE SMITH; MICHAEL BENSON; TORI KITAGAWA; WOODROW CLARK II; JAMES EVANS; MEOR ADLIN; JUSTIN LABARGE; SCOTT FREDERICK; REIKO HIRAI;

No. 25-4097

D.C. No. 3:07-cv-05634-CRB

2

IREATHA DIANE MITCHELL; LARRY CHEN; DAVID KUO; DAVID MURPHY; TITI TRAN; KATHRYN LAVIN; STEPHANIE JUNG; CHEROKII VERDUZCO; SARAH TRAN; JAMES STEWART; ED PARK; LINDA WILLIAMS; LAX & COMPANY, INC.,

Plaintiffs - Appellees,

v.

DAVID GOULD,

Objector - Appellant,

v.

ALL NIPPON AIRWAYS,

Defendant.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted July 31, 2026[**]

Before: MURGUIA, Chief Judge, and WARDLAW and JOHNSTONE, Circuit Judges.

Jeanette Stevens, trading as Elm Co., and David Gould appeal the district court's orders overruling their objections to the administration of a secondary

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

distribution of settlement funds from a previous antitrust class action.[1] We have

jurisdiction under 28 U.S.C. § 1291. We review de novo questions of Article III

standing, *see NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,

926 F.3d 528, 531 (9th Cir. 2019), and review for abuse of discretion the district

court's approval of a class action settlement distribution, *see In re Google Inc. St.

View Elec. Commc'ns Litig.*, 21 F.4th 1102, 1110 (9th Cir. 2021). We dismiss in

part and affirm in part.

      1. Gould lacks standing because he has not established an injury in fact. *See

Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). His principal theory is that

the seventeen audits delayed the second distribution and depleted the fund by

roughly $50,000, reducing his pro rata share. But he identifies no evidence in the

record showing that his share was in fact reduced; and the cost estimate he offers is

drawn from a representation attributing extended administration costs to the

pendency of a prior appeal, not to the audits. Gould thus has not shown an injury

fairly traceable to the challenged audits. *See id.* In any event, his theory also

overlooks that removing claims from the pool increased, not decreased, the per-

ticket value available to him. *See In re First Cap. Holdings Corp. v. Fin. Prods.*

---

[1] To the extent Elm Co. may proceed pro se, it does so as a sole proprietorship trading under that name. The company-representation concern is resolved by this Court's prior amendment of the caption to "Jeanette Stevens, t/a Elm Co." *See Sharemaster v. SEC*, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017).

25-3908

*Secs. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) ("Simply being a member of a class is not enough to establish standing. One must be an aggrieved class member.").

Gould's remaining theory—that reissuing initial distribution checks to four class members diluted his second-distribution payment—fails as well. Those four claimants were already accounted for in the distribution, but they had not received the checks to which they were entitled. Correcting that error did not enlarge the pool of claimants and so did not reduce Gould's share. And to the extent Gould separately sought to compel prompt payment of the second distribution, that request is moot because the distribution is complete and Gould has been paid. *Berry v. Air Force Cent. Welfare Fund*, 115 F.4th 948, 952 (9th Cir. 2024) ("[A] case becomes moot if the plaintiff actually receives all of the relief to which he or she is entitled on the claim." (internal quotation marks and citation omitted)).

Accordingly, we dismiss his appeal for lack of standing and do not reach the merits of his arguments.

2. Elm Co. has standing to challenge the denial of its claim based on its allegation that Class Counsel improperly denied its eligibility for the second distribution of settlement funds. *See Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1176 (9th Cir. 1977) (holding class members had standing to object to settlement because it affected their legal rights). But the district court did not abuse its discretion in approving the second distribution. The distribution plan authorized

5                                                            25-3908

Rust Consulting to audit certain claims; it did not cabin Rust's authority to verify a claim's validity before paying it again. The district court owes a fiduciary duty to the class as a whole. *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 929–30 (9th Cir. 2020). That duty, which "exists independent of any objection from a member of the class," *see id.* at 929, includes ensuring that settlement funds reach only qualified claimants. As the district court explained, "Rust and Class Counsel are responsible for only paying qualified claimants, and . . . the re-examination of suspicious claims is part and parcel of that responsibility."

In any event, Elm Co. was denied eligibility not because of any altered evidentiary standard but because it failed to respond to Rust's request to verify its otherwise undocumented claim. Elm Co.'s remaining contentions concerning the law of the case, nondelegation, due process, and conflicts of interest were not developed before the district court and are therefore forfeited. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). Accordingly, the district court did not abuse its discretion.

**DISMISSED in part, AFFIRMED in part.**

25-3908